IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02610-RTG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may delay the consideration of your claims.**)

JASON BROOKS,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ADRIANNE SANCHEZ,
JOSHUA URQUARDT,
JULIE MILEHAM,
19th JUDICIAL DISTRICT,
BOB JAROS,
EVAN STATHOPULOS,
ULISSES PALMA,
AMANDA MANBECK,
ANGELA LUJAN,
LYNDA LINDSEY,
TAMMY NELSON,
MARCI HOFFMAN,
PHIL WEISER, and
DOES 1-10,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT

---

      Plaintiff Jason Brooks lives in Longmont, Colorado. On August 20, 2025, Plaintiff

filed *pro se* a Verified Complaint and Demand for Jury Trial and an Application to

Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF Nos. 1,

1

2).[1] The Court has granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 5). Accordingly, the Court reviews the complaint pursuant to § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1(a).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Plaintiff must file an amended Complaint.

## I.    COMPLAINT

Plaintiff brings this lawsuit against the Colorado Department of Corrections ("CDOC"), various State of Colorado officials, the 19th Judicial District, several 19th Judicial District officials, Colorado Attorney General Weiser, and unnamed defendants. (ECF No. 1 at 1-5). By way of background, on December 15, 2022, Plaintiff was awarded $3.5 million in a previous lawsuit against the CDOC for constitutional and Americans With Disabilities Act ("ADA") violations. In this case, Plaintiff generally alleges that after judgment was entered in the 2022 lawsuit, the defendants engaged in actions to prevent Plaintiff from receiving the awarded funds, including filing a fraudulent lien and intercepting the judgment. Plaintiff further contends that the defendants' actions were retaliatory and in response to Plaintiff's legal success against the CDOC. (*See* ECF

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

No. 1). Plaintiff asserts the following four claims for relief: (1) Fourteenth Amendment

Procedural Due Process Violation; (2) Civil Conspiracy; (3) First Amendment

Retaliation; and (4) that the Colorado Restitution Act is Unconstitutional. (*Id.* at 23-42).

As relief, Plaintiff seeks declaratory and injunctive relief and damages. (*Id.* at 42-44).

The Court will now discuss the issues with Plaintiff's pleading.

## II.    PLEADING ISSUES

### A.    Rule 8

The Complaint does not comply with the requirements of Rule 8 of the Federal

Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short

and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or

unintelligible pleadings violate Rule 8.

The Complaint fails to provide a <u>short and plain statement</u> of Plaintiff's claims

showing he is entitled to relief. Plaintiff begins with a lengthy narrative and his factual

allegations are confusing, rambling, and unorganized. It is Plaintiff's responsibility to

present his claims in a manageable and readable format that allows the Court and

defendants to know what claims are being asserted and to be able to respond to those

claims. The Court does not require a long, chronological introduction or recitation of

facts. Nor should the Court or a defendant be required to sift through Plaintiff's verbose

3

allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For each claim Plaintiff asserts in the Complaint, he must explain, simply and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Additionally, Plaintiff sues one or more unidentified individuals. A plaintiff may use fictitious names, such as "John Doe" or "Jane Doe" when the real name of the individual(s) who allegedly violated a federal right is unknown. The key is to provide enough information about each person so he or she can be identified for service of process. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Sufficient identifying information may include the person's first or last name, title, the date and time of the alleged violation, the job description of the defendant, the name of the prison that employs the person, the defendant's gender, physical description (height, hair color, eye color, etc.), and exactly what actions the defendant took or failed to take.

In his amended Complaint, Plaintiff must provide sufficient identifying information for the unidentified or Doe defendants.

**B.      Personal Participation**

An issue closely related to Rule 8 is personal participation. Allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (explaining that individual liability must be based on personal involvement in the alleged constitutional violation). There is no vicarious liability under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (recognizing that "vicarious liability is inapplicable to *Bivens* and § 1983 suits"). Thus, Plaintiff must allege specific facts that make clear who did what to whom. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

Furthermore, although a defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). In the amended Complaint, Plaintiff must allege personal participation by each individually named defendant.

**C.      Individual Versus Official Capacity**

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*,

662 F.3d 1152, 1161, n. 5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)).

**D.    Legal Standards**

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up). It appears that Plaintiff may be attempting to assert one or more of the following claims.

*1.  Due process claim.*

The Due Process Clause of the Fourteenth Amendment has both a substantive and procedural component. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994). "Procedural due process ensures the state will not deprive a party of [life, liberty, or] property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of [life, liberty, or] property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). "A protected interest in liberty or property may have its source in either federal or state law." *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012). "[A] state-created interest is not protected by the procedural component of the Due Process Clause unless the interest is an entitlement - that is, unless the asserted right to property or liberty is *mandated* by state law when specified substantive predicates exist." *Id.*

6

The standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). Negligence is not sufficient to shock the conscience. *Id*. at 1184. In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)). "Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000).

       2.  *First Amendment claim.*

A retaliation claim is properly asserted under the First Amendment, which prohibits government officials from retaliating against individuals for engaging in protected speech. *Crawford– El v. Britton*, 523 U.S. 574, 592 (1998). *See also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). "[A]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (citation and internal quotation marks omitted). To assert a First Amendment retaliation claim, Plaintiff must allege facts to show that: (1) he engaged in constitutionally protected speech, (2) that the government's actions caused him injury that would chill a person of

7

ordinary firmness from continuing to engage in that activity, and (3) the government's

actions were substantially motivated as a response to the constitutionally protected

conduct. *Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015). "Mere

allegations of constitutional retaliation will not suffice; plaintiff[] must rather allege

specific facts showing retaliation because of the exercise of the prisoner's constitutional

rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted). And a

plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers

. . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.

1998).

　　　*3.  42 U.S.C. § 1985 conspiracy claim.*

　　　"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive

plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance

of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v.*

*Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to

conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously

discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Conclusory

allegations regarding a conspiracy are not sufficient to state an arguable claim under

§ 1985(3). *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that

conclusory allegations of a conspiracy are not sufficient).

　　　"The participants in the conspiracy must share the general conspiratorial

objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must

8

be shown that there was a single plan, the essential nature and general scope of which

[was] know[n] to each person who is to be held responsible for its consequences." *Snell*

*v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotation marks and citation

omitted). "[A]n underlying unlawful act is necessary to prevail on a civil conspiracy

claim." *Peterson v. Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010).

Plaintiff's amended pleading must allege sufficient facts to meet these standards.

**III.    CONCLUSION**

Accordingly, it is

ORDERED that Plaintiff file, within thirty (30) days from the date of this order, an

amended Complaint that complies with all directives contained in this order. To be clear,

Plaintiff must submit a single, complete Complaint on the court-approved form as one

document that contains all claims and allegations. Plaintiff is advised that the Court is

not required to sort through multiple pleadings to ascertain his claims or compile the

required information from multiple documents. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the District of

Colorado's Complaint Form (General Complaint), along with the applicable instructions,

at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that

complies with this order within the time allowed, the action may be dismissed without

further notice.

Finally, Plaintiff may contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

DATED September 8, 2025.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge